Peter Borenstein (SBN 304266)
P.O. Box 885
Culver City, CA 90232
(213) 362-8740 (tel)
(877) 460-3681 (fax)
peter@brnstn.org

Attorney for Plaintiff
CLAUDELL MARTIN

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAUDELL MARTIN, | Case No. 2:20-cv-02085 |
| Plaintiff, | |
| vs. | **COMPLAINT FOR:** |
| AVIS BUDGET GROUP, INC..; MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED, | **1) RECOVERY OF BENEFITS [29 U.S.C.A. § 1132 (a)(1)(B)]** |
| Defendants. | **2) BREACH OF FIDUCIARY DUTY [29 U.S.C.A. § 1132 (a)(2)]** |

Claudell Martin ("Plaintiff") alleges for his complaint as follows:

### INTRODUCTION

1.     On November 20, 2018, Plaintiff's wife, Joanne Stephenson ("Mrs. Stephenson"), passed away.

2.     At the time of her death, Mrs. Stephenson was employed with Defendant Avis Budget Group, Inc. ("Avis") and was enrolled in its employee 401k retirement plan.

3.     Plaintiff and Mrs. Stephenson had been married since 1986 and were still married at the time of her death.

4.     Pursuant to 29 U.S.C.A. § 1055(a)(2), Plaintiff was entitled to Defendant's pension benefit as her surviving spouse.

5.      Sometime after her death, Mrs. Stephenson's son, Devon Young, knowingly misrepresented that Mrs. Stephenson was unmarried at the time of her death to Avis so as to claim her employee pension benefit, estimated to be valued at more than $100,000, as her only heir.

6.      Upon receiving the fraudulent claim from Mr. Young, Defendant instructed the trustee and administrator of Mrs. Stephenson's pension, Defendant Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Merrill Lynch"), to pay out the balance of the pension benefit to him.

7.      Defendants Avis and Merrill Lynch have a fiduciary duty to ensure that plan benefits under their control and administration are paid to the correct beneficiary.

8.      Defendants breached their fiduciary duty by paying Mr. Young the pension benefit that was meant for Plaintiff.

9.      Furthermore, Defendants breached their fiduciary duty to Plaintiff once again when they failed to process his claim to the pension benefit as Mrs. Stephenson's spouse in September 2019.

10.      Now, Plaintiff seeks to recover the value of the pension benefit due to him as Mrs. Stephenson's surviving spouse with interest since 2018 from the Defendants plus attorney's fees pursuant to 29 U.S.C.A. § 1132(g) .

## THE PARTIES

11.      Plaintiff Claudell Martin is a resident of the County of Los Angeles, State of California.

12.      Defendant Avis Budget Group, Inc.  is a foreign corporation doing business in California and incorporated in the State of Delaware.

13.      Defendant Merrill Lynch, Pierce, Fenner & Smith Incorporated is a foreign corporation doing business in California and incorporated in the State of Delaware.

## JURISDICTION AND VENUE

14.      This Court has jurisdiction over all causes of action asserted herein pursuant to 28 U.S.C.A. § 1331, 29 U.S.C.A. § 1132(e)(1), and 28 U.S.C.A. § 1367(a).

15.      Venue is proper in this Court pursuant to 29 U.S.C.A. § 1132(e)(1).

## FACTUAL BACKGROUND

16.      On September 25, 1986, Plaintiff and Mrs. Stephenson were married.

17.      At the time, and until 2018, Plaintiff was incarcerated in the California state prison system.

18.     Upon information and belief, Mrs. Stephenson started her employment with Avis in 2009.

19.     Avis offers a 401k pension plan to its employees pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C.A. § 1001, et seq.

20.     Mrs. Stephenson participated in Avis' pension plan during the entire course of her employment.

21.     Defendant Merrill Lynch is the administrator and trustee of funds contributed to the pension plan by Avis' employees.

22.     Upon information and belief, Mr. Young was a named beneficiary of Mrs. Stephenson's pension plan.

23.     On November 20, 2018, Mrs. Stephenson passed away.

24.     Upon Mrs. Stephenson's death, Mr. Young knowingly provided false information to the coroner and which was subsequently included on her death certificate.

25.     Mrs. Stephenson's death certificate erroneously indicates that she was never married.

26.     Upon information and belief, Mr. Young knew that his mother had been married to Plaintiff.

27.     Upon information and belief, Mr. Young knew that Mrs. Stephenson was still married to Plaintiff at the time of her death.

28.     Plaintiff never waived his right to Mrs. Stephenson's pension benefit as her surviving spouse nor consented to any disbursement pursuant to 29 U.S.C.A. § 1055(g).

29.     Sometime after Mrs. Stephenson's death, Mr. Young submitted claim paperwork to Avis as the only named beneficiary.

30.     Upon receiving Defendant Young's claim, Avis transmitted the information to Merrill Lynch who initiated the payout of the value of Mrs. Stephenson's pension plan.

31.     On December 22, 2018, Plaintiff was released from prison.

32.     On September 18, 2019, after retaining counsel and determining the appropriate course of action to claim his wife's pension benefit as her surviving spouse, Plaintiff submitted a Withdrawal/Rollover Request Form to Avis to begin the process of claiming Mrs. Stephenson's pension plan as her surviving spouse.

33.     On October 4, 2019, Avis responded to Plaintiff's claim paperwork and informed him that Mrs. Stephenson's pension had already been disbursed.

34.     On November 1, 2019, Plaintiff sent a demand letter through counsel to Avis for more information regarding Mrs. Stephenson's pension and the reason for the denial of his claim application. Plaintiff never received a response to this letter.

35.     Now, Plaintiff seeks to recover the value of his share of Mrs. Stephenson's pension plan at the time of her death, estimated to be more than $100,000 from Defendants for their breach of fiduciary duty.

## FIRST CAUSE OF ACTION

### (Recovery of Benefits (29 U.S.C.A. § 1132 (a)(1)(B) – All Defendants)

36.     Plaintiff hereby realleges and incorporates by this reference, as though set forth in full, the allegations in paragraphs 1 through 35, inclusive.

37.     At all relevant times and until her death, Mrs. Stephenson was married to Plaintiff.

38.     Mrs. Stephenson participated in Avis' pension plan during the entire course of her employment.

39.     Defendant Merrill Lynch is the administrator and trustee of funds contributed to the pension plan by Avis' employees.

40.     Upon Mrs. Stephenson's death, Plaintiff was eligible for spousal survivor's benefits pursuant to 29 U.S.C.A. § 1055(a).

41.     Upon information and belief, Mr. Young was a named beneficiary of Mrs. Stephenson's pension.

42.     Mr. Young fraudulently misrepresented to Defendants that Mrs. Stephenson was not married at the time of her death when he submitted a claim for her pension benefits as a beneficiary.

43.     On September 18, 2019, Plaintiff submitted a Withdrawal/Rollover Request Form to Avis to begin the process of claiming Mrs. Stephenson's pension plan as her surviving spouse.

44.     Once Plaintiff informed Defendants of the fact of his marriage to Mrs. Stephenson, they should have initiated a payment to him as her surviving spouse, estimated to be half of the benefit claimed by Mr. Young.

45.     Nevertheless, Defendants refused to correct their error in violation of their duty and did not process Plaintiff's claim.

46.     Now, Plaintiff seeks to recover the benefit of Mrs. Stephenson's pension due to him as her surviving spouse, estimated to be $100,000 plus interest since the time of her death.

## SECOND CAUSE OF ACTION

### (Breach of Fiduciary Duty (29 U.S.C.A. § 1132 (a)(2) – All Defendants)

47.     Plaintiff hereby realleges and incorporates by this reference, as though set forth in full, the allegations in paragraphs 1 through 46, inclusive.

48.     At all relevant times, Mrs. Stephenson was married to Plaintiff.

49.     Mrs. Stephenson participated in Avis' pension plan during the entire course of her employment.

50.     Defendants owed a fiduciary duty to Mrs. Stephenson, the plan participant, as well as her beneficiaries, Plaintiff and Mr. Young, pursuant to 29 U.S.C.A. § 1104 to ensure that her benefits inured to the correct beneficiaries.

51.     Defendants breached their fiduciary duty to Plaintiff when they paid Mrs. Stephenson's pension benefit to Mr. Young without investigating whether Mrs. Stephenson was married at the time of her death.

52.     Defendants breached their fiduciary duty to Plaintiff again when they refused to process his claim as Mrs. Stephenson's surviving spouse.

53.     As a result of their breach, Plaintiff was and is unable to recover Mrs. Stephenson's pension benefit as her surviving spouse, estimated to be valued at $100,000.

54.     Now, Plaintiff seeks to hold Defendants accountable for their breach of fiduciary duty and recover Mrs. Stephenson's pension benefit due to him as her surviving spouse.

WHEREFORE, Plaintiff prays for judgment as follows:

**ON ALL CAUSES OF ACTION.**

1.     For recovery of the value of Mrs. Stephenson's pension benefit due to Plaintiff as her surviving spouse, estimated to be valued at $100,000, plus interest since the time of her death.

2.     For reasonable costs and attorney's fees against Defendants pursuant to 29 U.S.C.A. § 1132(g)(1).

3.      For any other compensatory, general, special, and consequential damages against Defendant.

4.      For such other and further relief as the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury on all issues so triable.

Respectfully submitted,

Dated:    2/28/20

By:_____

Peter Borenstein

Attorney for Plaintiff

CLAUDELL MARTIN