1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10

11

12    CLAUDELL MARTIN,                  )    CV 20-2085-RSWL-JCx
                                        )
13                 Plaintiff,           )
                                        )    **ORDER re: Plaintiff's**
14         v.                           )    **Request for Approval of**
                                        )    **Substitution or**
15    AVIS BUDGET GROUP, INC.;          )    **Withdrawal of Counsel**
      MERRILL LYNCH, PIERCE,            )    **[35]**
16    FENNER & SMITH                    )
      INCORPORATED; EMPLOYEE            )
17    BENEFITS COMMITTEE FOR THE        )
      AB CAR RENTAL SERVICES            )
18    RETIREMENT SAVINGS PLAN FOR       )
      BARGAINING HOURLY EMPLOYEES       )
19                                      )
                   Defendants.          )
20    _____  )

21        Currently before the Court is Plaintiff Claudell

22    Martin's ("Plaintiff") Request for Approval of

23    Substitution or Withdrawal of Counsel ("Request") [35].

24    Having reviewed all papers submitted pertaining to this

25    Request, the Court **NOW FINDS AND RULES AS FOLLOWS:** the

26    Court **DENIES** Plaintiff's Request.

27    ///

28    ///

                                1

**I. BACKGROUND**

Plaintiff initiated this Action against Defendants Avis Budget Group, Inc. ("Avis"); Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Merrill Lynch"); and Employee Benefits Committee for the AB Car Rental Services Retirement Savings Plan for Bargaining Hourly Employees ("Benefits Committee") (collectively, "Defendants") asserting two causes of action under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132.  On June 4, 2020, the parties filed a Notice of Settlement [28]; however, they have yet to submit a joint stipulation of dismissal as outlined in the Notice of Settlement.  See Notice of Settlement 1:6-8, ECF No. 28.

Subsequently, on July 10, 2020, Merrill Lynch filed a Motion to Dismiss [33].  Simultaneously, Avis and Benefits Committee also filed a joint Motion to Dismiss [34] (collectively, "Motions") on July 10, 2020.  The hearings on Defendants' Motions are set for August 18, 2020.  According to Central District Local Rule 7-9, Plaintiff's Oppositions or Statements of Non-Opposition are therefore due by July 28, 2020.  C.D. Cal. L.R. 7-9.

**II. DISCUSSION**

Under the Local Rules, "[a]n attorney may not withdraw as counsel except by leave of court."  C.D. Cal. L.R. 82-2.3.2; see also Darby v. City of Torrance, 810 F. Supp. 275, 276 (C.D. Cal. 1992).  "The decision

1 | to grant or deny counsel's motion to withdraw is
2 | committed to the discretion of the trial court."  Life
3 | Bliss Found. v. Sun TV Network Limited, CV 13-0393-VAP
4 | (SPx), 2014 WL 12613380, at *2 (C.D. Cal. March 7,
5 | 2014) (citing Kassab v. San Diego Police Dep't, No. 07-
6 | cv-1071-WQH (Wmc), 2008 WL 251935, at *1 (S.D. Cal.
7 | Jan. 29, 2008)).  When evaluating requests to withdraw,
8 | courts often consider:

9 | (1) the reasons why withdrawal is sought; (2)
   the prejudice withdrawal may cause to other
10 | litigants; (3) the harm withdrawal might cause
   on the administration of justice[;] and (4) the
11 | degree to which withdrawal will delay
   resolution of the case.
12 | Rapid Growth Tech. SDN BHD v. Kraco Enters., LLC, CV
13 | 18-3850-MWF (Ex), 2018 WL 6515328, at *2 (C.D. Cal.
14 | Sept. 10, 2018) (citation and quotation marks omitted).
15 | A request for leave to withdraw must be supported
16 | by good cause.  C.D. Cal. L.R. 83-2.3.2.  "Unless good
17 | cause is shown and the ends of justice require, no
18 | substitution or relief of attorney will be approved
19 | that will cause delay in prosecution of the case to
20 | completion."  Id. 83-2.3.5.
21 | Here, Plaintiff's counsel, Peter Borenstein
22 | ("Borenstein"), filed the instant Request, submitting
23 | Central District Form G-01.  As the Request indicates,
24 | "Court permission for withdrawal or substitution is
25 | required if no member of the withdrawing attorney's
26 | firm or agency will remain as counsel of record."
27 | Request 1, ECF No. 35.  Plaintiff's Request states that
28 | Borenstein is seeking to withdraw and Plaintiff is

3

1  choosing to proceed *pro se*.  See generally id.

2      Given that a stipulation of dismissal has yet to be

3  filed following the parties' Notice of Settlement, the

4  Court infers that the parties' settlement discussions

5  broke down.  This conclusion is further supported by

6  Defendants' recently filed Motions.  The instant

7  Request fails to provide any explanation as to why

8  Borenstein seeks to withdraw at this point in

9  litigation, less than ten days before Plaintiff's

10 Oppositions are due to the Court.  Having considered

11 the potential harm, prejudice, and risk of delay, the

12 Court **DENIES** the Request.

13                    **III. CONCLUSION**

14     For the reasons discussed above, the Court **DENIES**

15 Plaintiff's Request .

16

17 **IT IS SO ORDERED.**

18

19 DATED: July 20, 2020          /s/ Ronald S.W. Lew

20                        **HONORABLE RONALD S.W. LEW**
                          Senior U.S. District Judge

21

22

23

24

25

26

27

28

                              4